# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LOGAN MCLAREN,
    Plaintiff,

    vs.

TRUSTEE OF THE GROUP INSURANCE
TRUST FOR EMPLOYERS IN THE
MANUFACTURING INDUSTRY, et al.,
    Defendants.

Case No. 1:16-cv-1164
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION AND
ORDER**

    Plaintiff Logan McLaren brings this action against defendants Trustee of the Group
Insurance Trust for Employers in the Manufacturing Industry ("Trustee") and Life Insurance
Company of America ("LINA") under the Employee Retirement Income Security Act of 1974,
29 U.S.C. §1001 *et seq.*, to collect Accidental Death & Dismemberment benefits pursuant to an
Employee Welfare Benefit Plan providing group disability benefits to employees of The Armor
Group, Inc. (Doc. 1). Plaintiff is the primary beneficiary of two policies belonging to her
deceased father, Eric McLaren, who was an employee of The Armor Group, Inc. This matter is
before the Court on plaintiff's motion to strike a document from the proposed administrative
record (Doc. 14), defendant LINA's response in opposition (Doc. 19), and plaintiff's reply
memorandum (Doc. 23); plaintiff's motion to establish entitlement to *de novo* review (Doc. 15),
defendant LINA's response in opposition (Doc. 20), and plaintiff's reply memorandum (Doc 22);
and plaintiff's motion to obtain discovery/motion to compel defendant LINA to produce
withheld documents (Doc. 16), defendant LINA's response in opposition (Doc. 21), and
plaintiff's reply memorandum (Doc. 24). The Court will first consider plaintiff's motion to
establish entitlement to *de novo* review.

**I. Motion for Entitlement (Doc. 15)**

The parties dispute the scope of the Court's review in this case, and plaintiff moves for establishment of the standard of review in this matter. Courts ordinarily review an ERISA plan administrator's decision denying benefits *de novo*. *Evans v. UnumProvident Corp.*, 434 F.3d 866, 875 (6th Cir. 2006) (citing *Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 659-60 (6th Cir. 2004)). However, when "the plan administrator is given the discretionary authority to determine eligibility for benefits or to construe the plan terms, '[courts] review the administrator's decision to deny benefits using "the highly deferential arbitrary and capricious standard of review."'" *Id.* (quoting *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998) (in turn quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996))). *See also Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"). In determining the proper standard of review, the Court examines the language of the plan to determine whether the plan administrator is granted the necessary discretionary authority. *Yeager*, 88 F.3d at 380.

Plaintiff argues that *de novo* review should apply because the policy in question provides that benefits will be paid upon "[w]ritten or authorized electronic proof of loss satisfactory to us . . . within 90 days of the loss, for which claim is made." (Doc. 15 at 4, citing Docs. 15-1 PAGEID #186, 15-2 PAGEID #234). Plaintiff cites other discretionary language in the policy providing that "[t]he plan administrator has appointed the insurance company as a named fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims." (*Id.*, citing Docs. 15-1 PAGEID #194, 15-2 PAGEID #244). In support of her

argument, plaintiff contends that pursuant to the Delaware choice of law provision in the policies, the Court's standard of review must be governed by the precedent of the Third Circuit Court of Appeals, the federal circuit in which Delaware sits. (Doc. 15 at 4). Plaintiff relies on the Third Circuit's ruling in *Veira v. Life Ins. Co. of N. America*, 642 F.3d 307 (3d Cir. 2011), to argue that language based upon "proof of loss satisfactory to us" in defendant's policy is not sufficient to grant discretion and thus *de novo* review must apply. (*Id.* at 4-5). Plaintiff submits that this Court should "resist the application of Sixth Circuit law" because defendant advised that the policies in this matter would be subject to the laws of a different jurisdiction. (*Id.* at 6). Plaintiff further submits that the Sixth Circuit "has adopted and nurtured a standard that . . . virtually guarantees deferential review for plan administration and insurers" and "doom[s] any possibility of *de novo* review for a Plaintiff seeking redress in an ERISA case." (*Id.*) (citing *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550 (6th Cir. 1998); *Frazier v. Life Ins. Co. of N. America*, 725 F.3d 560 (6th Cir. 2013)). Plaintiff urges the Court to consider the Sixth Circuit's opinion in *Anderson v. Great West Life Assur. Co.*, 942 F.2d 392 (6th Cir. 1991), to "decide whether LINA's proof 'satisfactory to us' is enough to imply the ability to interpret the plan and create new definitions that are not based in policy language." (*Id.* at 8).

Defendant LINA responds that the arbitrary and capricious standard of review must apply. (Doc. 20 at 2). Defendant maintains that "[t]his Court must examine the plan language in light of the binding authority established by decisions of the United States Supreme Court and the Sixth Circuit Court of Appeals." (*Id.*). Citing to several cases, defendant contends that "[l]anguage requiring 'satisfactory proof' is sufficient for application of the arbitrary and capricious standard of review within the Sixth Circuit." (*Id.* at 3). Defendant rejects plaintiff's assertion that the law of the Third Circuit applies and instead argues that federal law must govern

the applicable standard of review. (*See id.* at 5-7).

In reply, plaintiff argues that LINA's "insistence that this Court must only use Sixth Circuit case law is incorrect." (Doc. 22 at 2). Plaintiff argues that "pursuant to an agreement by the parties, the law of the Third Circuit Court of Appeals must be used to interpret the insurance agreements issued by LINA." (*Id.* at 3). Plaintiff relies on case law from the Second, Third, and Seventh Circuits, holding that "satisfactory to us" language is insufficient to confer discretion. (*Id.*). Plaintiff also cites the Court's decision in *Pfenning v. Liberty Life Assurance Co.*, No. 3:14-cv-471, 2015 WL 9460578 (S.D. Ohio Dec. 23, 2015), *vacated*, No. 16-3068 (6th Cir. Aug. 2, 2016), which she represents was remanded to the District Court by the Sixth Circuit Court of Appeals to be reevaluated under a *de novo* standard of review. (*See* Doc. 22 at 2).

Here, the language in each Accidental Death and Dismemberment policy provides that "Written or authorized electronic proof of loss satisfactory to Us must be given to Us at Our office, within 90 days of the loss for which claim is made." (Policy Nos. OK 966087, OK 967384; Docs. 15-1 at PAGEID #186, 15-2 at PAGEID #234). The Court acknowledges plaintiff's argument that several courts of appeals to have considered the issue, including the Third Circuit, have found that "satisfactory proof" language does not unambiguously confer discretion on the plan administrator. *See Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 166 (4th Cir. 2013); *Gross v. Sun Life Assurance Co. of Can.*, 734 F.3d 1, 11-17 (1st Cir. 2013); *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 417 (3d Cir. 2011); *Feibusch v. Integrated Device Tech., Inc. Emp. Benefit Plan*, 463 F.3d 880, 883-84 (9th Cir. 2006); *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 639-40 (7th Cir. 2005); *Walke v. Grp. Long Term Disability Ins.*, 256 F.3d 835, 839-40 (8th Cir. 2001); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 252 (2d Cir. 1999). However, the Sixth Circuit has not overruled its holdings that "satisfactory

proof" language confers discretion upon the plan administrator such that an arbitrary and capricious standard of review is appropriate.[1] *See Frazier*, 725 F.3d at 567; *Yeager*, 88 F.3d at 380-81. Because this Court is a district court that sits in the Sixth Circuit, it "is not at liberty to disregard clearly established Sixth Circuit precedent." *Hawks v. Life Ins. Co. of N. Am.*, No. 3:15-cv-124, 2015 WL 9451067, at *3 (W.D. Ky. Dec. 23, 2015) (quoting *United States v. Adams*, No. 6:09-cr-16, 2009 WL 4799466, at *2 (E.D. Ky. Dec. 10, 2009)).

Plaintiff's assertion that Delaware law, and thus the law of the Third Circuit, should determine the standard of review in this matter is misguided. Plaintiff argues that because the choice of law provision indicates that it is to be governed by the laws of the State of Delaware, Third Circuit law must apply. (Doc. 15 at 4). Defendant LINA contends that the choice of law provision in the policy is intended to "ensur[e] that all issues not preempted by federal law will be resolved by application of the chosen state's law." (Doc. 20 at 6) (citing *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 928 (6th Cir. 2006)). Here, the law of the Sixth Circuit in relation to ERISA, a federal statute, must apply. ERISA does not set out the appropriate standard of review for actions challenging benefit eligibility determinations. *See Firestone*, 489 at U.S. at 109. However, "ERISA authorizes the courts 'to fashion a body of federal common law to enforce the agreement[s] that these statutes bring within their jurisdiction.'" *Thomas v. Miller*, 489 F.3d 293, 297 (6th Cir. 2007). As the Sixth Circuit determined:

> The presence in the parties' contract of a choice-of-law provision stating that the contract will be governed by "the laws of the state of Ohio" does not change [the rule that ERISA benefit claims are interpreted using federal common law]. As we have observed elsewhere, "'the normal purpose of such choice of law clauses is to determine that the law of one state rather than that of another state will be applicable; they simply do not

---

[1] The Court notes the Eleventh Circuit also continues to hold that the "satisfactory proof of Total Disability to us" language confers discretion upon the plan administrator. *See Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1233-34 (11th Cir. 2006).

speak to any interaction between state and federal law.'" *Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 938 (6th Cir. 1998) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees,* 489 U.S. 468, 488, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (Brennan, J., dissenting)).

*Medical Mutual of Ohio v. K. Amalia Enterprises, Inc.,* 548 F.3d 383, 391 (6th Cir. 2008). *See also Jessen v. CIGNA Group Ins.,* 812 F. Supp.2d 805, 813-14 (E.D. Mich. 2011) ("The statement on the front page of the policy that the 'policy shall be governed by the laws of the state in which it is delivered' does not alter the default rule that in evaluating questions of policy interpretation under ERISA, federal courts must develop and apply a body of substantive federal common law."). As such, this Court is bound by the law of the Sixth Circuit determining the standard of review and must apply the arbitrary and capricious standard of review to defendant's decision in this case.[2] Therefore, the Court **RECOMMENDS** that the arbitrary and capricious standard of review be applied in this case.

## II. Motion to Obtain Discovery/Motion to Compel/Scope of Discovery (Doc. 16)

### A. Motion to Obtain Discovery Relating to Defendant's Alleged Conflict of Interest

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). However, in an ERISA case related to the denial of benefits, a district court may ordinarily review only the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 619 (6th Cir. 1998). "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the

---

[2] Neither the *Anderson* case nor the *Pfenning* case cited by plaintiff persuades the Court that a *de novo* standard of review applies to defendant LINA's decision in this case. Plaintiff's *Anderson* arguments are directed towards the merits of her claims and are best addressed upon the full briefing by the parties on the merits. In *Pfenning,* the district court ultimately applied a *de novo* standard of review after remand by the Sixth Circuit because the parties agreed that California law prohibited discretionary language in the policy governing the action. *Pfenning* did not hold that Ninth Circuit law governed the decision in that case because California law directed the standard of review and California sits in the Ninth Circuit. Indeed, the *Pfenning* Court applied Sixth Circuit decisional law both before and after remand by the Sixth Circuit. *Pfenning,* 2015 WL 9460578 at *6-9; No. 3:14-cv-471 (Doc. 31 at 12).

administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619). In instances involving such challenges, evidence outside the record may be relevant and discoverable. *Id.*

The Supreme Court has held that a plan administrator operates under a conflict of interest when it serves the dual role of an ERISA plan administrator and payor of plan benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 113 (2008). After *Glenn*, the Sixth Circuit considered a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual role administrators under an ERISA plan. *Johnson*, 324 F. App'x at 465-67. The Sixth Circuit first cited with approval precedent holding that "a mere allegation of bias is not sufficient to permit discovery." *Id.* at 466 (citing *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008); *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004)). Nevertheless, citing *Glenn*, the Sixth Circuit rejected the defendant's contention that its precedent should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery. *Id.* However, the Sixth Circuit also rejected the notion "that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Id.* at 467. Instead, the Sixth Circuit indicated that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id.*; *see also Bell v. Ameritech Sickness & Accident Disabilities Benefits Plan*, 399 F. App'x 991, 998 (6th Cir. 2010) ("Discovery may be appropriate to determine the weight to accord a conflict of interest, . . . but the district court retains discretion to decide when to allow such discovery.").

After *Johnson*, courts in the Sixth Circuit have reached different conclusions about whether the mere existence of a structural conflict is sufficient to permit discovery in an ERISA case. *See, e.g., Sim v. Reliance Std. Life Ins. Co.*, No. 1:15-cv-390, 2016 WL 319868, at *4 (S.D. Ohio Jan. 26, 2016) (allowing discovery upon the finding of a structural conflict of interest and where plaintiff has offered additional evidence suggestive of bias); *Jones v. Allen*, 933 F. Supp.2d 1020, 1023-25 (S.D. Ohio 2013) (suggesting something more than a conflict is required where discovery was allowed "in light of this clear [structural] conflict of interest, and in light of the facts in the administrative record regarding the basis for the committee's decision"); *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp.2d 655, 661 (W.D. Ky. 2012) (finding a structural conflict alone is sufficient to open discovery); *Cramer v. Appalachian Reg'l Healthcare, Inc.*, No. 5:11-cv-49, 2012 WL 996583, at *2 (E.D. Ky. Mar. 23, 2012) (same); *Cummins v. Liberty Life Assurance Co. of Boston*, No. 2:10-cv-108, 2010 WL 4809269, at *4 (S.D. Ohio Nov. 19, 2010) (permitting discovery because beyond the mere existence of conflict, plaintiff offered additional evidence suggesting bias); *Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp.2d 860, 865 (E.D. Mich. 2010) (concluding that a plaintiff need not make an additional showing to warrant discovery); *Geer v. Hartford Life & Accident Ins. Co.*, No. 08-12837, 2009 WL 1620402, at *5 (E.D. Mich. Jun. 9, 2009) (finding a "plaintiff must first have some evidence of bias before being allowed to conduct discovery," and allowing discovery because in addition to structural conflict, plaintiff identified circumstances in the denial that appeared to undermine the decision); *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp.2d 904, 913-14 (E.D. Tenn. 2008) (concluding that discovery is appropriate upon showing of a conflict alone).

Plaintiff seeks discovery related to defendant LINA's alleged bias as both an evaluator of evidence and a payor of claims. (Doc. 16 at 5). Plaintiff contends that LINA engaged in acts of interpretation not contained within the parameters of the policy, and more specifically, in interpreting the word "foreseeable" to deny benefits. Plaintiff also argues that LINA "[changed] its position on the use of safety mechanisms [related to Eric McLaren's death]." (*Id.*). Additionally, plaintiff argues that LINA relied on employee-physicians to create medical opinions to support the denial of benefits. (*Id.*). Finally, plaintiff asserts that LINA ignored the conclusion of the coroner about the cause of death of Eric McLaren. (Doc. 24 at 5).

Defendant LINA responds that plaintiff has not satisfied the threshold necessary to justify discovery. (Doc. 21 at 2.). Defendant contends that plaintiff's motion fails to establish why this Court should exercise its discretion to permit discovery in this matter. (*Id.* at 4). Defendant argues that plaintiff's arguments in support of discovery are "statements of disagreement with LINA's decision, rather than reasons for allowing discovery." (*Id.*).

Here, defendant does not dispute that LINA served as both the evaluator of evidence and payor of benefits, thereby creating a structural conflict of interest. Plaintiff has offered additional evidence suggestive of bias and thus has made more than a "mere allegation" that a conflict of interest exists because there is evidence that suggests defendant "may favor [its] financial and profit-making interests over the best interests of the plan participants." *See Patton v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 1:15-cv-43, 2015 WL 4068051, at *1 (S.D. Ohio July 2, 2015). Specifically, plaintiff has offered evidence showing that LINA has made a determination denying benefits based on its interpretation of "foreseeable," a term that is undefined in the policies. Moreover, plaintiff has offered evidence that LINA changed its position on the use of safety measures related to Eric McLaren's death; used its own physicians

9

to support the denial of benefits; and made a determination that was contrary to that of the county coroner who ruled that Mr. McLaren's death was accidental. The undersigned finds that all of this evidence is sufficient to warrant conflict of interest discovery. *See Sundermeyer v. Ohio Educ. Ass'n*, No. 2:12-cv-959, 2013 WL 3147952, at *1 (S.D. Ohio June 19, 2013) (granting discovery where plaintiff identified the "barest of an additional showing of potential bias" by asserting an inconsistency in defendants' interpretation of plan terms). *See also Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 582 (S.D. Ohio 2010) (granting discovery where plaintiff offered evidence amounting to more than "mere allegations of support," which showed that defendants gave inconsistent rationales for discontinuing her disability benefits). Accordingly, discovery is warranted on defendant LINA's alleged conflict of interest and plaintiff's motion to obtain discovery relating to defendant's alleged conflict of interest is **GRANTED.**

### B. Motion to Compel Trustee Information

Plaintiff seeks to compel defendant LINA to disclose the identity of the plan trustee, the address of the trustee, and trust documents. (Doc. 16 at 8). Defendant responds that plaintiff's motion should be denied as "[p]laintiff never articulates any argument whatsoever that the 'trust information and trust documents' she claims have been withheld without a valid reason for doing so are actually relevant to her claim for benefits." (Doc. 21 at 10). In reply, plaintiff contends that since the trustee is the policyholder of the Accidental Death and Dismemberment policies, she is "presently unable to ascertain what powers the Trust and the Trustee have to allow LINA to sell policies, deliver agreements, amend policies, or review the applications of new Trust members." (Doc. 24 at 5-6).

Under ERISA, a plan trustee is charged with "exclusive authority and discretion to manage and control the assets of the plan." 29 U.S.C. § 1103(a). The Court finds that the identity of the

trustee and disclosure of trust documents are relevant to plaintiff's ability to ascertain those individuals who may have exercised discretionary authority under the policies which resulted in or influenced the denial of plaintiff's benefits. *See Nagele v. Electronic Data Sys. Corp.*, 193 F.R.D. 94, 110 (W.D. N.Y. 2000) (holding that discovery under ERISA into the identity of the plan trustees was relevant). Therefore, plaintiff's motion to compel defendant LINA to disclose the identity of the plan trustees and trust documents is hereby **GRANTED.**

### C. The Permissible Scope of Discovery

At the May 23, 2017 status conference of this case, the Court advised the parties that it would employ a two-step process on the discovery issue. The Court has now determined the first step: that as a threshold matter discovery is appropriate on defendant LINA's alleged conflict of interest, and defendant must disclose the identity of the plan trustee and trust documents. Therefore, the parties are now directed to confer in good faith on the issues related to the scope of discovery, as propounded in plaintiff's discovery requests, and to contact the Court within 30 days if the parties are unable to resolve any disputes over the scope of discovery.

### III. Motion to Strike (Doc. 14)

Plaintiff moves the Court to strike from the proposed administrative record a form titled "Appointment of Claim Fiduciary" ("ACF"). (Doc. 14 at 2). The form provides in pertinent part:

> Within the scope of this employment, claim fiduciary shall be responsible for adjudicating claims for benefits under the plan and for deciding appeals of adverse claim determinations. Claim fiduciary shall have the authority, in its discretion, to interpret the terms of the plan, including the policies; to decide questions about eligibility for coverage or benefits under the plan; and to make any related findings of fact. All decisions made by such claim fiduciary shall be final and binding on participants and beneficiaries of the plan to the fullest extent permitted by law. . . .

(Doc. #14-2).

Defendant LINA contends that this form provides an additional source of language granting LINA discretionary authority and requiring the application of an arbitrary and capricious standard of review. (Doc. 20 at 8). Plaintiff acknowledges that the intent of the document "is to expand and/or clarify discretionary capabilities that are not articulated in LINA's insurance policies." (Doc. 14 at 3).

As the Court has determined that the language of the insurance policies at issue mandate that the arbitrary and capricious standard of review should apply in this case under binding Sixth Circuit precedent, the Court need not consider whether the Appointment of Claim Fiduciary form also informs the scope of review in this case. Therefore, the Court **DENIES** as moot plaintiff's motion to strike.

## IT IS THEREFORE RECOMMENDED:

1. This matter should be reviewed under the arbitrary and capricious standard of review.

## IT IS THEREFORE ORDERED:

1. Plaintiff's motion to obtain discovery relating to defendant's alleged conflict of interest is **GRANTED.**

2. Plaintiff's motion to compel defendant LINA to disclose the identity of the plan trustees and trust documents is **GRANTED.**

3. The parties are directed to confer in good faith on the issues related to the scope of discovery, as propounded in plaintiff's discovery requests, and to contact the Court within 30 days if the parties are unable to resolve any disputes over the scope of discovery.

4. Plaintiff's motion to strike is **DENIED** as moot.

Date: 10/4/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LOGAN MCLAREN,
    Plaintiff,

    vs.

TRUSTEE OF THE GROUP INSURANCE
TRUST FOR EMPLOYERS IN THE
MANUFACTURING INDUSTRY, et al.,
    Defendants.

Case No. 1:16-cv-1164

Dlott, J.

Litkovitz, M.J.

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).